### DOWTY v DAILY
### CONNER v DAILY

Ohio Appeals, 9th Dist, Wayne Co

No 938. Decided Oct 8, 1935

L. R. Critchfield, Wooster, for plaintiffs in error.

Weiser & Weimer, Wooster, for defendant in error.

## OPINION

By STEVENS, J.

There is but one question here presented, and that is, Does the petition, supplemented by the opening statement of plaintiffs' counsel, when construed in the light most favorable to plaintiffs, state a cause of action against defendant?

As we view the situation here presented, the petition and the opening statement of plaintiffs are susceptible of but two constructions: (1) either the transaction was one of attempted gift, in which event, as to the property now in the hands of the administrator, there was no valid gift inter vivos, because there was no delivery to the donee, and no valid gift causa mortis, because there was not a delivery to a trustee under an indenture of trust for delivery to donees upon the death of donors, or (2) the transaction was one of executory contract. If the latter, it is plain that there was no consideration for such claimed contract. Plaintiffs had no interest in the property, real or personal, except such as their parents gave to them, and hence the alleged agreement fails for want of consideration.

Plaintiffs further contend that, because they permitted the income from the personal property in question to go to their mother and father during their lifetimes, and because they permitted the occupancy of the residence used by their father and mother during their lifetimes, without any payment of rent, plaintiffs have done all they were required to do under said alleged agreement, and that therefore, not only did a valuable consideration pass from them, but a consideration also arose by way of estoppel.

The members of this court are of the opinion that the only reasonable inference to be drawn from the pleadings and the opening statement of counsel is that the agreement was that the mother and father should have the use of said personal property, the residue, and the royalties, during their lifetimes, without an express reservation in the deeds to that effect; and the subsequent conduct of the parties, as shown by the petition and the statement of counsel, evidences that such was the arrangement.

No consideration, therefore, passed from plaintiffs to said decedents, and the alleged agreement must fail.

Judgment affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.